# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **SPE GO HOLDINGS, INC.,** ) | |
| ) | |
| ) | Civil Action |
| Plaintiff, ) | |
| ) | Case No. 2:10-CV-215-WCO |
| v. ) | |
| ) | |
| **PETER D. ANZO,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT ON GUARANTY

Plaintiff SPE GO Holdings, Inc. ("SPE GO" or "Plaintiff"), by and through its undersigned counsel, asserts this Complaint against Defendant Peter D. Anzo ("Anzo" or "Defendant"), seeking to recover against Anzo on his personal guaranty of a business loan as follows:

### Parties, Jurisdiction, and Venue

1.

SPE GO is a Delaware corporation with its headquarters in Providence, Rhode Island, and is thus a citizen of Delaware and Rhode Island. SPE GO is authorized to do business in the State of Georgia.

12747005v.6

2.

Upon information and belief, Anzo is an individual who resides in Rabun County, Georgia. Anzo is a citizen of Georgia and is subject to the jurisdiction of this Court. Anzo may be served personally in this matter at 102 Bristol Lane, Clayton, Georgia, 30525, or by any other method allowed by law.

3.

Diversity jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 because SPE GO and Anzo are citizens of different states and the amount in controversy exceeds $75,000.00.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) as to Anzo because he is a resident of Georgia who resides in this district.

## **Background**

*The Loan*

5.

Toledo Beach Marina, LLC ("TBM LLC") is an Ohio limited liability company. Toledo Beach Development, LLC ("TBD LLC") is a Michigan limited liability company. TBD LLC, together with TBM LLC, are referred to herein collectively as the "Original Borrowers".

2

12747005v.6

6.

The Original Borrowers and Textron Financial Corporation ("Textron") entered into a Loan Agreement, dated December 7, 2005 (the "Original Loan Agreement"). Pursuant to the Original Loan Agreement, the Original Borrowers made in favor of Textron a Promissory Note, dated December 7, 2005, in the original principal amount of $8,500,000.00 (the "Original Note").

7.

A true and correct copy of the Original Loan Agreement is attached hereto as Exhibit A and is incorporated herein by reference.

8.

To secure, among other things, the obligations of the Original Borrowers under the Original Note, the Original Borrowers granted Textron a Mortgage, dated December 7, 2005 (the "Original Mortgage"). The Original Mortgage was filed and recorded in Liber 3038, beginning at Page 968, in the public records of Monroe County, Michigan. The Original Mortgage encumbers the property described therein (the "Property"), which serves as security for the obligations under the Original Note.

9.

A true and correct copy of the Original Mortgage is attached hereto as Exhibit B and is incorporated herein by reference.

12747005v.6

10.

In December 2006, the Original Borrowers transferred the Property to Toledo Beach Marina, L.P. ("<u>TBM</u>"), a Georgia limited partnership. In connection with such transfer, TBM assumed the rights and obligations of the Original Borrowers under the Original Loan Agreement, Original Note, the Original Mortgage, and the other related loan documents.

11.

In connection with the transfer of the Property to TBM, TBM made in favor of Textron an Amended and Restated Promissory Note, dated December 20, 2006, in the original principal amount of $8,500,000.00 (the "<u>TBM Note</u>").

12.

A true and correct copy of the TBM Note is attached hereto as <u>Exhibit C</u> and is incorporated herein by reference.

13.

In connection with the transfer of the Property to TBM, Textron, TBM and Anzo entered into a Mortgage and Loan Documents Modification Agreement, dated December 20, 2006 (the "<u>First Modification Agreement</u>"). In the First Modification Agreement, the parties, <u>inter</u> <u>alia</u>, modified the existing loan documents to reflect the transfer of the Property to TBM and to reflect TBM's assumption of the obligations and liabilities of the Original Borrowers to Textron,

and agreed that the Property would continue to secure the TBM Note. The First Modification Agreement was filed and recorded as Document No. 2006R00991, in the public records of Monroe County, Michigan.

14.

A true and correct copy of the First Modification Agreement is attached hereto as Exhibit D and is incorporated herein by reference.

15.

To further secure the obligations of TBM to Textron, in connection with the transfer of the Property to TBM, Anzo made in favor of Textron a Guaranty Agreement, dated December 20, 2006 (the "Initial Anzo Guaranty"). Pursuant to the Initial Anzo Guaranty, Anzo unconditionally guaranteed, inter alia, the full and prompt payment of any and all obligations of TBM to Textron pursuant to (a) the Original Loan Agreement (as amended by the First Modification Agreement), (b) the TBM Note, (c) the Original Mortgage (as amended by the First Modification Agreement) and (d) the other related loan documents (subject to certain limitations contained in Paragraph 3 of the Initial Anzo Guaranty).

16.

On August 20, 2009, Textron, TBM and Anzo entered into a Note, Mortgage and Loan Documents Modification Agreement (the "Second Modification

Agreement"), pursuant to which the parties, <u>inter alia</u>, further modified the existing loan documents. The Second Modification Agreement was filed and recorded as Document No. 2009R17306 in the public records of Monroe County, Michigan.

17.

A true and correct copy of the Second Modification Agreement is attached hereto as <u>Exhibit E</u> and is incorporated herein by reference.

18.

On August 20, 2009, Anzo made in favor of Textron an Amended and Restated Guaranty Agreement, dated August 20, 2009 (such guaranty, as amended and otherwise modified to date, is referred to hereinafter as the "<u>Guaranty</u>"). Pursuant to the Guaranty, Anzo unconditionally guaranteed, <u>inter alia</u>, the full and prompt payment of any and all obligations of TBM to Textron pursuant to (a) the Loan Agreement (as defined below), (b) the Note (as defined below), (c) the Mortgage (as defined below) and (d) the other Loan Documents (as defined below), subject to certain limitations contained in Section 3 of the Guaranty (such limitations are referred to herein as the "<u>Cap</u>").

19.

A true and correct copy of the Guaranty is attached hereto as <u>Exhibit F</u> and is incorporated herein by reference.

12747005v.6

20.

The Original Loan Agreement, as amended and otherwise modified pursuant to the First Modification Agreement and the Second Modification Agreement, is referred to herein as the "<u>Loan Agreement</u>". The TBM Note, as amended and otherwise modified by the Second Modification Agreement, is referred to herein as the "<u>Note</u>". The Original Mortgage, as amended and otherwise modified pursuant to the First Modification Agreement and the Second Modification Agreement, is referred to herein as the "<u>Mortgage</u>". The Loan Agreement, the Note, and the Mortgage, together with the other documents, instruments, and agreements made by the Original Borrowers or TBM in favor of Textron in connection with the loan evidenced by the Loan Agreement, the Note, and the Mortgage, are referred to herein collectively as the "<u>Loan Documents</u>."

*The Events of Default*

21.

In late 2009 and in 2010, TBM failed to make numerous monthly payments due under the Note within nine (9) calendar days after the due date (such failures are referred to herein as the "<u>Events of Default</u>"). More specifically, TBM failed to make timely the monthly payments due under the Note in December 2009, and in all of the months between January and June 2010. Each failure to make a

7

monthly payment on the Note within nine (9) calendar days after the due date of such payment constitutes an "Event of Default" under the Loan Agreement, the Note, the Mortgage, the Guaranty, and the other Loan Documents.

22.

Although TBM made occasional and sporadic partial payments between January and June, 2010, neither TBM or Anzo cured all of the Events of Default under the Loan Agreement, the Note, the Mortgage, the Guaranty and the other Loan Documents, and neither has any further right under the Loan Agreement, the Note, the Mortgage, the Guaranty or any of the other Loan Documents or applicable law to cure the uncured Events of Default.

*Demand for Payment*

23.

On July 6, 2010, counsel for Textron sent to TBM a letter (the "TBM Demand Letter"), notifying TBM of the occurrence of Events of Default, demanding cure of all of the uncured Events of Default, notifying TBM of the automatic acceleration of all obligations under the Note should the uncured Events of Default not be timely cured, and demanding payment in full of the obligations of TBM under the Note should the uncured Events of Default not be timely cured.

12747005v.6

24.

A true and correct copy of the TBM Demand Letter is attached hereto as Exhibit G and is incorporated herein by reference.

25.

On July 6, 2010, counsel for Textron sent to Anzo a letter (the "Anzo Demand Letter"), notifying Anzo of the occurrence of Events of Default, notifying Anzo of the automatic acceleration of all obligations under the Note if the uncured Events of Default were not timely cured, and demanding payment of the obligations of Anzo under the Guaranty if the uncured Events of Default were not timely cured.

26.

A true and correct copy of the Anzo Demand Letter is attached hereto as Exhibit H and is incorporated herein by reference.

27.

The acceleration of the Note and the demand made on TBM for payment of its obligations under the Note made in the TBM Demand Letter were in all respects adequate and proper under the Loan Agreement, the Note, the Mortgage, the other Loan Documents and applicable law.

12747005v.6

28.

The acceleration of the Note and the demand for payment of the obligations of Anzo under the Guaranty from Anzo made in the Anzo Demand Letter were in all respects adequate and proper under the Loan Agreement, the Note, the Guaranty and applicable law.

29.

On or about August 20, 2010, the Loan Agreement, the Note, the Mortgage, the Guaranty and the other Loan Documents were transferred and assigned by Textron to SPE GO. As part of that assignment and transfer, Textron and SPE GO entered into (i) an Assignment of Mortgage, dated August 20, 2010, which Assignment of Mortgage is recorded as Document No. 2010R156368 in the records of Monroe County, Michigan, and (ii) an Assignment of Loan Documents, dated August 20, 2010 (collectively, the "Assignment Documents").

30.

True and correct copies of the Assignment Documents are attached hereto as Exhibit I and are incorporated herein by reference.

31.

No party made any payment to Textron or SPE GO on the amounts due under the Loan Agreement, the Note, the Mortgage, the Guaranty or any of the

10

other Loan Documents from July 6, 2010, through September 30, 2010 (the "Foreclosure Date").

32.

On the Foreclosure Date, SPE GO foreclosed on the Property under Michigan law (the "Foreclosure"). The net proceeds of the Foreclosure totaled $4,259,552.00 (the "Foreclosure Proceeds").

33.

As of the Foreclosure Date, prior to the application of the Foreclosure Proceeds, TBM was obligated under the Note for principal totaling $6,426,179.33, accrued and unpaid interest totaling $639,717.26, a prepayment fee of $64,261.79, late charges of $32,277.84, and appraisal fees of $12,500, for a total (exclusive of any other amounts due or chargeable under the Loan Agreement, the Note, the Mortgage and the other Loan Documents including, without limitation, amounts due for attorneys' fees and expenses) of $7,174,936.22. Interest continues to accrue on the principal amount due under the Note and on certain of the other of the foregoing amounts from and after the Foreclosure Date at the default rate of 13.2% set forth in the Note.

34.

No payment was made to Textron or SPE GO on the amounts due under the Loan Agreement, the Note, the Mortgage, the Guaranty or any of the other Loan Documents (other than receipt of the Foreclosure Proceeds by SPE GO) from the Foreclosure Date through the date of the filing of this Complaint.

*Ownership of Note and Guaranty*

35.

SPE GO is the owner and holder of the Note. SPE GO is entitled to enforce the Note in accordance with its terms and applicable law.

36.

SPE GO is the owner and holder of the Guaranty. SPE GO is entitled to enforce the Guaranty against Anzo in accordance with its terms and applicable law.

*Enforceable Obligations*

37.

The Note is a legal, valid, and binding obligation of TBM, enforceable against TBM in accordance with its terms.

38.

The Guaranty is a legal, valid, and binding obligation of Anzo, enforceable against Anzo in accordance with its terms.

12747005v.6

*Present Default*

39.

As of the date of this Complaint, TBM is in default under the Loan Agreement, the Note, the Mortgage, and the other Loan Documents in that, among other things, all obligations under the Note are immediately due and payable and such obligations have not been paid in full.

40.

As of the date of this Complaint, Anzo is in default under the Guaranty in that he has failed to pay timely and in full the amounts due from him under the Guaranty.

*Attorneys' Fees*

41.

Section 5 of the Guaranty requires Anzo to reimburse SPE GO for any attorneys' fees and costs that it incurs in enforcing the Guaranty.

**Count I: Breach of Guaranty**

42.

SPE GO incorporates its allegations set forth in Paragraphs 1 through 41 above as if fully set forth herein.

43.

Under the Guaranty, Anzo unconditionally guaranteed the obligations of TBM pursuant to, *inter alia*, the Loan Agreement, the Note, the Mortgage and the other Loan Documents, subject to the limitations, if any, resulting from the application of the Cap.

44.

TBM's obligations to SPE GO under the Loan Agreement, the Note, the Mortgage and the other Loan Documents, in an amount not less than $2,915,384.22, remain immediately due and payable in full, without defense or counterclaim, as of the date of this Complaint.

45.

Anzo's failure to pay the amount of the TBM's obligations to SPE GO under the Loan Agreement, the Note, the Mortgage and the other Loan Documents (subject to the limitations, if any, resulting from the application of the Cap) is a breach of his Guaranty, and entitles SPE GO to damages for such breach under the terms of the Guaranty and applicable law.

46.

SPE GO is entitled under the Guaranty to a judgment against Anzo for the amounts due to SPE GO from TBM under the Loan Agreement, the Note, the

12747005v.6

Mortgage and the other Loan Documents (subject to the limitations, if any, resulting from the application of the Cap).

47.

SPE GO is further entitled under the Guaranty to have included in the judgment against Anzo the amount of its attorneys' fees and costs incurred in enforcing the Guaranty.

WHEREFORE, SPE GO prays as follows:

(i) that summons issue and that Anzo be served with the summons and a copy of the Complaint as provided by law;

(ii) that judgment be entered in favor of SPE GO against Anzo under the Guaranty for the unpaid obligations of TBM to SPE GO under the Loan Agreement, the Note, the Mortgage and the other Loan Documents as of the date of the judgment (subject to the limitations, if any, resulting from the application of the Cap);

(iii) that SPE GO be awarded its attorneys' fees and costs; and

12747005v.6

(iv)  that SPE GO have such other relief as is just and equitable.

Respectfully submitted, this 21st day of October, 2010.

SEYFARTH SHAW LLP

/s/ Paul Baisier
Paul Baisier
Georgia Bar No. 032825
pbaisier@seyfarth.com
Erika Birg
Georgia Bar No. 058140
ebirg@seyfarth.com
Shuman Sohrn
Georgia Bar No. 143104
ssohrn@seyfarth.com
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Attorneys for SPE GO Holdings, Inc.

12747005v.6