IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| SPE GO HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | 2:10-CV-0215-WCO |
| | ) | |
| PETER D. ANZO, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant | ) | |
| | ) | |

**DEFENDANT PETER D. ANZO'S AFFIRMATIVE DEFENSES AND
ANSWER TO PLAINTIFF'S COMPLAINT ON GUARANTY**

COMES NOW Defendant Peter D. Anzo ("Defendant") and, for his affirmative defenses and answer to the Complaint on Guaranty (the "Complaint") of Plaintiff SPE GO Holdings, Inc. ("Plaintiff"), states as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is barred from any recovery by waiver and estoppel.

### THIRD DEFENSE

Plaintiff is barred from any recovery pursuant to O.C.G.A. § 10-7-22.

FOURTH DEFENSE

Plaintiff is barred from any recovery due to insufficient process and insufficient service of process on Defendant.

FIFTH DEFENSE

Plaintiff is barred from any recovery by offset, setoff, and recoupment.

SIXTH DEFENSE

Plaintiff is barred from any recovery as a result of insufficient process and insufficient service of process.

SEVENTH DEFENSE

Plaintiff has failed to mitigate its damages.

EIGHTH DEFENSE

Plaintiff seeks a double recovery, i.e., a recovery on the purported guaranty which is the subject matter of this action as well as against (1) a note purportedly executed by the original borrower and (2) the real property that secures repayment of the note. Plaintiff should be required to immediately elect the remedy it wishes to pursue. Should it insist on pursuing the instant case, it should be required to release all security interests in the real property securing repayment of the note.

NINTH DEFENSE

Plaintiff is barred from any recovery by payment and release.

## ANSWER

Having raised and asserted Defendant's affirmative defenses, and without waiving or otherwise compromising said defenses in any way, Defendant responds to each and every paragraph of the Complaint as follows:

## Parties, Jurisdiction, and Venue

### 1.

Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore such allegations stand denied.

### 2.

Defendant admits that he "is an individual who resides in Rabun County, Georgia," and that he "is a citizen of Georgia." The remaining allegations in Paragraph 2 of the Complaint state legal conclusions and use legal terms of art that require no response by Defendant. To the extent that the remaining allegations in Paragraph 2 of the Complaint are construed to, or in fact do, require a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore such allegations stand denied.

3.

The allegations in Paragraph 3 of the Complaint state legal conclusions and use legal terms of art that require no response by Defendant. To the extent that the allegations in Paragraph 3 of the Complaint are construed to, or in fact do, require a response by Defendant, such allegations are denied.

4.

The allegations in Paragraph 4 of the Complaint state legal conclusions and use legal terms of art that require no response by Defendant. To the extent that the allegations in Paragraph 4 of the Complaint are construed to, or in fact do, require a response by Defendant, such allegations are denied, except for the allegation that Defendant "is a resident of Georgia," which Defendant admits.

**Background**

*The Loan*

5.

Defendant admits the allegations in the first two sentences of Paragraph 5 of the Complaint. The third sentence of Paragraph 5 of the Complaint does not state any allegations of fact against Defendant, and therefore the third sentence of Paragraph 5 of the Complaint requires no response by Defendant. To the extent that the third sentence of Paragraph 5 of the Complaint is construed to, or in fact

does, contain allegations of fact requiring a response by Defendant, Defendant objects to the characterization of Toledo Beach Marina, LLC and Toledo Beach Development, LLC as the "<u>Original Borrowers</u>."

6.

Paragraph 6 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 6 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 6 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 6 of the Complaint, and therefore such allegations stand denied. Defendant further states that the original of the "Loan Agreement" attached as <u>Exhibit A</u> to the Complaint is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as <u>Exhibit A</u> to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon.

7.

Paragraph 7 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 7 of the Complaint requires no response by

Defendant. To the extent that the allegations in Paragraph 7 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, and therefore such allegations stand denied. Further, Defendant states that the original of the "Loan Agreement" attached as <u>Exhibit A</u> to the Complaint is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as <u>Exhibit A</u> to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon.

8.

Paragraph 8 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 8 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 8 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 8 of the Complaint, and therefore such allegations stand denied. Further, Defendant states that the original of the "Mortgage" attached as <u>Exhibit B</u> to the Complaint is the highest and best evidence

and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as <u>Exhibit B</u> to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon.

9.

Paragraph 9 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 9 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 9 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 9 of the Complaint, and therefore such allegations stand denied. Further, Defendant states that the original of the "Mortgage" attached as <u>Exhibit B</u> to the Complaint is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as <u>Exhibit B</u> to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon.

10.

Defendant admits the allegation in Paragraph 10 of the Complaint that

Toledo Beach Marina, L.P., is a "Georgia limited partnership." The remaining allegations in Paragraph 10 of the Complaint do not state any allegations of fact against Defendant, and therefore the remaining allegations in Paragraph 10 of the Complaint require no response by Defendant. To the extent that the remaining allegations in Paragraph 10 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 10 of the Complaint, and therefore such allegations stand denied.

11.

Paragraph 11 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 11 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 11 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, and therefore such allegations stand denied. Further, Defendant states that the original of the "Amended and Restated Promissory Note" attached as Exhibit C to the Complaint is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as

Exhibit C to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon.

## 12.

Paragraph 12 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 12 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 12 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and therefore such allegations stand denied. Further, Defendant states that the original of the "Amended and Restated Promissory Note" attached as Exhibit C to the Complaint is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as Exhibit C to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon.

## 13.

Defendant states that the allegations in Paragraph 13 draw legal conclusions

from a document attached to the Complaint, which require no response by Defendant. To the extent that the allegations in Paragraph 13 require a response by Defendant, however, Defendant admits that Plaintiff attached a true and correct copy of a "Mortgage and Loan Documents Modification Agreement" signed, in part, by Defendant as Exhibit D to the Complaint, and that the original of said document is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as Exhibit D to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon. Defendant further admits that said document "was filed and recorded as Document No. 2006R00991, in the public records of Monroe County, Michigan." To the extent that any remaining allegations in Paragraph 13 of the Complaint require any further response by Defendant, such allegations are denied.

14.

Defendant admits that Plaintiff attached a true and correct copy of a "Mortgage and Loan Documents Modification Agreement" signed, in part, by Defendant as Exhibit D to the Complaint, and that the original said document is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as

Exhibit D to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon.

15.

Defendant states that the allegations in Paragraph 15 draw legal conclusions from a document not attached to the Complaint, which require no response by Defendant. To the extent that the allegations in Paragraph 15 require a response by Defendant, however, Defendant denies the allegations in Paragraph 15 of the Complaint.

16.

Defendant states that the allegations in Paragraph 16 draw legal conclusions from a document attached to the Complaint, which require no response by Defendant. To the extent that the allegations in Paragraph 16 require a response by Defendant, however, Defendant admits that Plaintiff attached a true and correct copy of a "Note, Mortgage and Loan Documents Modification Agreement" signed, in part, by Defendant as Exhibit E to the Complaint, and that the original of said document is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as Exhibit E to the Complaint appear true and correct, Defendant can

neither truthfully admit or deny their correctness without proof of the original signatures thereon. Defendant further admits that said document "was filed and recorded as Document No. 2009R17306, in the public records of Monroe County, Michigan." To the extent that any remaining allegations in Paragraph 16 of the Complaint require any further response by Defendant, such allegations are denied.

17.

Defendant admits that Plaintiff attached a true and correct copy of a "Note, Mortgage and Loan Documents Modification Agreement" signed, in part, by Defendant as <u>Exhibit E</u> to the Complaint, and that the original of said document is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as <u>Exhibit E</u> to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon. To the extent that any remaining allegations in Paragraph 17 of the Complaint require any further response by Defendant, such allegations are denied.

18.

Defendant states that the allegations in Paragraph 18 draw legal conclusions from a document attached to the Complaint, which require no response by Defendant. To the extent that the allegations in Paragraph 18 require a response by

Defendant, however, Defendant admits that Plaintiff attached a true and correct copy of an "Amended and Restated Guaranty Agreement" signed by Defendant as Exhibit F to the Complaint, and that the original of said document is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as Exhibit F to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon. To the extent that any remaining allegations in Paragraph 18 of the Complaint require any further response by Defendant, such allegations are denied.

19.

Defendant admits that Plaintiff attached a true and correct copy of an "Amended and Restated Guaranty Agreement" signed by Defendant as Exhibit F to the Complaint, and that the original of said document is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as Exhibit F to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon.

20.

Paragraph 20 of the Complaint does not state any allegations of fact against

Defendant, and therefore Paragraph 20 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 20 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, such allegations stand denied.

*The Events of Default*

21.

Paragraph 21 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 21 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 21 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 21 of the Complaint, and therefore such allegations stand denied. Further, Defendant states that the originals of the "Loan Documents," as that term is defined and used in the Complaint, attached as exhibits to the Complaint are the highest and best evidence and speak for themselves as to their content and terms. Defendant further states that although the signatures on those documents appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon.

22.

Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 22 of the Complaint regarding an entity, not Defendant himself, and therefore all such allegations stand denied. Defendant denies the allegations in Paragraph 22 of the Complaint against Defendant.

*Demand for Payment*

23.

Paragraph 23 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 23 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 23 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and therefore such allegations stand denied. Further, Defendant states that the original of the letter attached as <u>Exhibit G</u> to the Complaint is the highest and best evidence and speaks for itself as to its content and terms.

24.

Paragraph 24 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 24 of the Complaint requires no response by

Defendant. To the extent that the allegations in Paragraph 24 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 24 of the Complaint, and therefore such allegations stand denied. Further, Defendant states that the original of the letter attached as Exhibit G to the Complaint is the highest and best evidence and speaks for itself as to its content and terms.

25.

Defendant lacks sufficient information or knowledge to form a belief about the truth regarding who sent the letter, a copy of which is purportedly attached as Exhibit H to the Complaint, and when said letter was sent, and therefore such allegations stand denied. To the extent that the allegations in Paragraph 25 of the Complaint require any further response by Defendant, such allegations stand denied. Further, Defendant states that the original of the letter attached as Exhibit H to the Complaint is the highest and best evidence and speaks for itself as to its content and terms.

26.

Defendant admits that Plaintiff attached a true and correct copy of a letter sent to Defendant as Exhibit H to the Complaint, and that the original of said

document is the highest and best evidence and speaks for itself as to its content and terms. To the extent that any remaining allegations in Paragraph 26 of the Complaint require any further response by Defendant, such allegations are denied.

27.

Defendant denies the allegations in Paragraph 27 of the Complaint.

28.

Defendant denies the allegations in Paragraph 28 of the Complaint.

29.

Paragraph 29 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 29 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 29 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, and therefore such allegations stand denied.

30.

Paragraph 30 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 30 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 30 of the Complaint are

construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and therefore such allegations stand denied.

31.

Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and therefore such allegations stand denied.

32.

Paragraph 32 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 32 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 32 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and therefore such allegations stand denied.

33.

Paragraph 33 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 33 of the Complaint requires no response by

Defendant. To the extent that the allegations in Paragraph 33 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and therefore such allegations stand denied.

34.

Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 34 of the Complaint, and therefore such allegations stand denied.

*Ownership of Note and Guaranty*

35.

Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and therefore such allegations stand denied.

36.

Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and therefore such allegations stand denied.

*Enforceable Obligations*

37.

Defendant denies the allegations in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations in Paragraph 38 of the Complaint.

*Present Default*

39.

Defendant denies the allegations in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations in Paragraph 40 of the Complaint.

*Attorneys' Fees*

41.

Defendant states that the allegations in Paragraph 41 draw legal conclusions from a document attached to the Complaint, which require no response by Defendant. To the extent that the allegations in Paragraph 41 require a response by Defendant, however, Defendant states that the original of the "Amended and Restated Guaranty Agreement" attached as <u>Exhibit F</u> to the Complaint is the highest and best evidence and speaks for itself as to its content and terms. Defendant further states that although the signatures on the document attached as

Exhibit F to the Complaint appear true and correct, Defendant can neither truthfully admit or deny their correctness without proof of the original signatures thereon. Defendant denies the allegations in Paragraph 41 of the Complaint, to the extent said allegations require any further response by Defendant.

## Count I: Breach of Guaranty

### 42.

Defendant hereby restates and incorporates by reference all of the preceding responses to the allegations in the Complaint as if fully set forth herein verbatim.

### 43.

Defendant denies the allegations in Paragraph 43 of the Complaint.

### 44.

Paragraph 44 of the Complaint does not state any allegations of fact against Defendant, and therefore Paragraph 44 of the Complaint requires no response by Defendant. To the extent that the allegations in Paragraph 44 of the Complaint are construed to, or in fact do, contain allegations of fact requiring a response by Defendant, Defendant lacks sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 44 of the Complaint, and therefore such allegations stand denied.

45.

Defendant denies the allegations in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations in Paragraph 46 of the Complaint.

47.

Defendant denies the allegations in Paragraph 47 of the Complaint.

WHEREFORE, Defendant respectfully demands and prays that this Court enter judgment dismissing Plaintiff's Complaint against Defendant on all counts and claims for relief, with all costs of this action to be cast against Plaintiff.

**Defendant demands a jury trial on all claims so triable in this action.**

This the 6th day of June, 2011.

/s/ John A. Christy

JOHN A. CHRISTY
Georgia Bar No. 125518
ANDREW J. LAVOIE
Georgia Bar No. 108814
Attorneys for Defendant Peter D. Anzo

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone:  (404) 681-3450
Facsimile:   (404) 681-1046
jchristy@swfllp.com
alavoie@swfllp.com

## <u>CERTIFICATE OF SERVICE</u>

This certifies that I have, this day, electronically filed the foregoing DEFENDANT PETER D. ANZO'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT ON GUARANTY with the Clerk of Court using the CM/ECF electronic filing system, as mandated by Local Rule 5.1 and as approved by Standing Order No. 04-01 of this Court, which will automatically send e-mail notification of such filing to all attorneys of record.

This the 6th day of June, 2011.

/s/ Andrew J. Lavoie
Andrew J. Lavoie
Georgia Bar No. 108814

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone:  (404) 681-3450
Facsimile:   (404) 681-1046
alavoie@swfllp.com

## <u>CERTIFICATION OF FONT AND POINT SELECTIONS</u>

This certifies, pursuant to Northern District of Georgia Local Rule 7.1(D), that this pleading has been prepared with one of the font and point selections approved by this Court in Local Rule 5.1(C): Times New Roman, 14-point.