IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SPE GO HOLDINGS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PETER D. ANZO, )<br>)<br>Defendant ) | Civil Action File No.<br>2:10-CV-0215-WCO |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff SPE GO Holdings, Inc. ("Plaintiff" or "SPE GO") and Defendant Peter D. Anzo ("Defendant" or "Anzo"), in accordance with Federal Rule of Civil Procedure 26(f) and Northern District of Georgia Civil Local Rules 16.1 and 16.2, hereby submit their Joint Preliminary Report and Discovery Plan.

**1.   Description of Case:**

(a)   Describe briefly the nature of this action.

**Plaintiff's Description:**

This case is about Defendant Anzo's liability, as a guarantor of a real estate loan held by SPE GO.  Anzo unconditionally guaranteed the full and prompt payment of any and all obligations on a loan made by Textron Financial Corporation ("Textron") to Toledo Beach Marina, L.P. ("TBM"), subject to certain dollar limitations contained in the guaranty (the "Guaranty").  SPE GO is the

assignee of Textron's interests in the loan and Anzo's Guaranty. Anzo breached his Guaranty by refusing to fulfill his payment obligations under the terms of the Guaranty. SPE GO seeks to recover against Anzo to the full extent of his Guaranty.

**Defendant's Description:**

This is a suit on a guaranty that, according to Plaintiff, Defendant signed to guarantee, with limitations, the obligations of an entity, Toledo Beach Marina, L.P. ("TBM"), pursuant to a Note to Textron Financial Corporation, not to Plaintiff. Plaintiff alleges that TBM is in default of its obligations under the Note (although some "occasional and sporadic partial payments" by TBM are also admitted), that the entire indebtedness has been accelerated, and that Defendant is liable to the extent that TBM does not satisfy an alleged deficiency on real property located in Michigan allegedly foreclosed upon and sold by Plaintiff. Defendant has responded that Plaintiff has failed to state a claim, is barred from recovery by waiver, estoppel, O.C.G.A. § 10-7-22, insufficient service of process and process, payment and release, failure to mitigate damages, and in seeking a double recovery.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's Summary:**

The loan guaranteed by Anzo was made by Textron to TBM for an original principal amount of $8,500,000.00. The real property that secured the loan is known as Toledo Beach Marina, and is located in LaSalle Township, Michigan. TBM defaulted on the loan by failing to make numerous monthly payments in late 2009 and in 2010. Counsel for Textron notified TBM and Anzo that all loan obligations would be automatically accelerated if TBM's default was not timely cured and demanded payment from Anzo pursuant to the Guaranty if TBM's default was not timely cured. On or about August 20, 2010, the Guaranty and loan documents were transferred and assigned by Textron to SPE GO. SPE GO foreclosed on the property on September 30, 2010 as a result of the default. The net proceeds of the foreclosure totaled $4,259,552.00. To date, the remaining obligations under the loan have not been paid by either TBM or Anzo. These obligations totaled $2,915,384.22 as of the date of the filing of the Complaint.

**Defendant's Summary:**

Defendant has never had a borrower/lender or guarantor/beneficiary relationship with Plaintiff. Otherwise, Defendant refers the Court to the loan documents attached to Plaintiff's Complaint, which speak for themselves as to their content and terms, to provide the proper factual background for this action.

(c) The legal issues to be tried are as follows:

**Plaintiff's Response:**

- Whether Anzo breached his Guaranty by refusing to fulfill his payment obligations under the terms of the Guaranty; and

- the amount of damages owed by Anzo to SPE GO.

**Defendant's Response:**

- Whether Plaintiff is the holder of the loan documents sued upon;

- Whether Plaintiff may recover any amounts allegedly due under the loan documents sued upon, where Plaintiff also allegedly foreclosed upon and sold certain real property securing the Note to TBM;

- The amount(s) that Plaintiff may be, or is, entitled to recover from Defendant pursuant to the loan documents sued upon;

- The sufficiency of Defendant's affirmative defenses.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: <u>SPE GO Holdings, Inc. v. Toledo Beach Marina, L.P. a/k/a Toledo Beach Marina of Ga.</u>, Case No. 10-29579-CK, in the Circuit Court of Monroe County, Michigan.

(2) Previously Adjudicated Related Cases: None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

    (1)    Unusually large number of parties \_\_\_\_\_

    (2)    Unusually large number of claims or defenses \_\_\_\_\_

    (3)    Factual issues are exceptionally complex \_\_\_\_\_

    (4)    Greater than normal volume of evidence \_\_\_\_\_

    (5)    Extended discovery period is needed \_\_\_\_\_

    (6)    Problems locating or preserving evidence \_\_\_\_\_

    (7)    Pending parallel investigations or action by government \_\_\_\_\_

    (8)    Multiple use of experts \_\_\_\_\_

    (9)    Need for discovery outside United States boundaries \_\_\_\_\_

    (10)    Existence of highly technical issues and proof \_\_\_\_\_

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:    Erika C. Birg, Esq.
                  Seyfarth Shaw LLP
                  1075 Peachtree Street N.E., Suite 2500
                  Atlanta, Georgia 30309-3962

    Defendant:    John A. Christy, Esq.
                    Schreeder, Wheeler & Flint, LLP
                  1100 Peachtree Street N.E., Suite 800
                  Atlanta, Georgia 30309-4516

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

 \_\_\_\_ Yes          \_X\_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

None.

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and Supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:

The parties do not anticipate any necessary amendments to the pleadings at this time.

(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.   Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.

(b)   *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures.**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

None.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not presently request a scheduling conference with the Court.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiff's Response:**

Defendant's Answer and Affirmative Defenses.

**Defendant's Response:**

The allegations in the Complaint; the negotiations between the parties prior to, and after, the execution of the Note and guaranties alleged by Plaintiff; the

origination, administration, and renewal or modification of the Note and guaranties sued upon; any promises or commitments made by officers of Plaintiff during the period of the alleged loan; any appraisal or other underwriting efforts made on Plaintiff's behalf; the foreclosure process of the Michigan property serving as collateral.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties do not presently anticipate that additional time, beyond that allowed by the assigned discovery track, will be needed to complete discovery.

**11.   Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None.

**13.   Settlement Potential:**

(a)   The parties have agreed to consider engaging in formal settlement discussions in the near future. Although the parties have not discussed or exchanged specific offers, the parties believe that settlement may be possible.

  (b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, and it appears that there is now:

   ( X ) A possibility of settlement before discovery.

   ( X ) A possibility of settlement after discovery.

   (   ) A possibility of settlement, but a conference with the judge is needed.

   (   ) No possibility of settlement.

  (c) Counsel ( X ) do or (   ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.

  (d) The following specific problems have created a hindrance to settlement of this case.

  Not applicable at this time.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

  (a) The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this __ day of _____, 20____.

  (b) (b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Jointly submitted, this 13th day of July, 2011.

        */s/  Erika C. Birg*
Paul Baisier
Georgia Bar No. 032825
pbaisier@seyfarth.com
Erika C. Birg
Georgia Bar No. 058140
ebirg@seyfarth.com
Anastasia L. Lewis
Georgia Bar No. 589321
sflewis@seyfarth.com

Seyfarth Shaw LLP
1075 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30309-3962
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

*Counsel for SPE GO Holdings, Inc.*


*/s/  Andrew J. Lavoie (w/expr. permission)*
John A. Christy
Georgia Bar No. 125518
Andrew J. Lavoie
Georgia Bar No. 108814

Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, Georgia 30309-4516
Telephone:  (404) 681-3450
Facsimile:  (404) 681-1046
jchristy@swfllp.com
alavoie@swfllp.com

*Attorneys for Defendant*

11

## **CERTIFICATE OF SERVICE**

This certifies that I have, this day, electronically filed the foregoing JOINT PRELIMINARY REPORT AND DISCOVERY PLAN with the Clerk of Court using the CM/ECF electronic filing system, as mandated by Local Rule 5.1 and as approved by Standing Order No. 04-01 of this Court, which will automatically send e-mail notification of such filing to all attorneys of record.

This 13th day of July, 2011.

*/s/ Erika C. Birg*
Erika C. Birg
Georgia Bar No. 058140